**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LESLY C. DE NANKERVIS, | No. 17-71163 |
| Petitioner, | Agency No. A089-358-327 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 13, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and TASHIMA and WARDLAW, Circuit
Judges.

Lesley De Nankervis petitions for review of the Board of Immigration

Appeals' (BIA) decision denying her motion to terminate removal proceedings and

denying her applications for asylum, withholding of removal, and relief under the

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. De Nankervis contends that her removal proceedings should be terminated because the government coercively interrogated her and her minor daughters in violation of 8 C.F.R. § 287.8(c)(2)(vii). While the manner in which the two minor children in this case were interrogated is troubling, considering the totality of the circumstances, there is insufficient evidence to show that the government overstepped the bounds of § 287.8(c)(2)(vii). *See Blanco v. Mukasey*, 518 F.3d 714, 721 (9th Cir. 2008); *Bong Youn Choy v. Barber*, 279 F.2d 642, 646–47 (9th Cir. 1960).

2. The government did not violate 8 C.F.R. § 287.3(c) by failing to advise De Nankervis of her right to an attorney prior to interrogating her. Under our precedent, because De Nankervis had not yet been served with a Notice to Appear, the government was not required to advise her of her right to an attorney. *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 901–02 (9th Cir. 2009).

3. Because of the lengthy history of De Nankervis's removal proceedings, two different Immigration Judges (IJs) presided over different parts of her case. Although some of the first IJ's actions at De Nankervis's initial merits hearing raise concerns as to whether he improperly assisted the government's case, these actions do not rise to the level of a due process violation. *See Colmenar v. INS*, 210 F.3d 967, 971–72 (9th Cir. 2000); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003). On remand, a new IJ took over the case. As required by 8 C.F.R.

§ 1240.1(b), the new IJ "familiarize[d] himself . . . with the record" and "state[d] for the record" that he had done so. Thus, neither of the IJs in this case violated the procedural protections afforded to De Nankervis by law.

4. An IJ has discretion to grant a motion for change of venue for good cause shown. *See* 8 C.F.R. § 1003.20(b); *Baires v. INS*, 856 F.2d 89, 92 (9th Cir. 1988). An IJ abuses that discretion by denying a request to change venue when a venue change is necessary to "safeguard [the petitioner's] right to a reasonable opportunity to be heard." *Campos v. Nail*, 43 F.3d 1285, 1289 (9th Cir. 1994). Here, the IJ acted within his discretion by denying De Nankervis's motion to change venue on remand so that her husband and brother could testify in person to explain inconsistencies in the record. The IJ permitted both of these witnesses to submit written declarations and invited De Nankervis herself to testify regarding the inconsistencies. Given the narrow scope of the remand hearing and the IJ's efforts to gather relevant testimony, we conclude that the IJ did not deny De Nankervis a reasonable opportunity to be heard or otherwise abuse his discretion by denying her motion to change venue.

5. We review for substantial evidence the agency's decisions denying De Nankervis's claim for asylum, withholding of removal, and relief under the CAT. *Ahmed v. Keisler*, 504 F.3d 1183, 1191, 1200 (9th Cir. 2007); *Shrestha v. Holder*, 590 F.3d 1034, 1039, 1048 (9th Cir. 2010). Substantial evidence supports the IJ's

adverse credibility determination as to De Nankervis's asylum, withholding of removal, and CAT claims. De Nankervis's oral testimony conflicted with the account provided in her asylum application. Furthermore, the IJ properly drew the adverse inference that she was not able to explain these inconsistencies from De Nankervis's silence at her remand hearing. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (stating that an IJ is permitted to draw an adverse inference from a petitioner's silence at her immigration hearing). Finally, contrary to De Nankervis's assertions, the record also indicates that the first IJ expressly found the country conditions evidence insufficient to entitle her to CAT relief, a finding adopted by the second IJ on remand, and properly affirmed by the BIA. Therefore, substantial evidence supports the denial of De Nankervis's asylum, withholding of removal, and CAT claims.

**Petition DENIED.**